UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIELLE WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 1:17-cv-4067-WTL-TAB ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) ) |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on the Defendant's Motion for Summary Judgment (Dkt. No. 11). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

### I. STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed, and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, a party who bears the burden of proof on a particular issue may not rest on its pleadings, but must show what evidence it has that there is a genuine issue of material fact that requires trial. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). Finally, the non-moving party bears the burden of specifically

identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II. BACKGROUND

On November 3, 2017, the Plaintiff filed a complaint alleging a claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et. seq*. The complaint alleges that on November 7, 2015, the Plaintiff was struck and injured by a door at a United States Post Office. It further alleges that the United States Postal Service was negligent in failing to maintain the door in proper working order, failing to warn customers that the door was not working properly, and failing to prevent customers from using the door. The Plaintiff alleges damages that include pain and suffering, medical expenses and lost income.

## III. SUMMARY OF FACTUAL ALLEGATIONS[1]

The Plaintiff was a customer at the Lawrence branch of the United States Post Office on November 7, 2015. On that date, she informed Postal employees that she was forcibly pushed back by a door at the post office, which caused her to have a sharp pain in her arm and a tingle in her wrist. The Plaintiff provided a typed statement, dated November 10, 2015, further alleging that she experienced constant pain and discomfort, headaches, and loss of sleep as a result of the incident.

In response, the Post Office sent the Plaintiff a letter, dated November 18, 2015, and provided her with a Standard Form 95, which is used to present claims under the FTCA. The

---

[1]The Plaintiff failed to comply with Local Rule 56-1(b), which requires a party opposing a summary judgment motion to include a section labeled "Statement of Material Facts in Dispute" that identifies the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment. Further, the Plaintiff's response was filed late, but no motion for extension of time was filed.

2

letter also informed the Plaintiff that she had two years from the date of the accident to submit a valid claim.

On November 7, 2015, the Plaintiff submitted the United States Postal Service Walk-In/Telephone Customer Inquiry Form. On February 24, 2016, counsel for the Plaintiff mailed a cover letter and completed Form 95 regarding the Plaintiff's injury to the United States Service Tort Claim Coordinator via first class United States mail.

The Lawrence Post Office did not receive a completed Standard Form 95 from the Plaintiff. Furthermore, a search of all administrative tort claims submitted to the United States Post Office indicates that the United States Post Office did not receive any such claim by the Plaintiff. A separate database that tracks administrative tort claims submitted at a local level also was searched; again, no claim submitted by the Plaintiff was found.

## IV. DISCUSSION

The Defendant argues that because the Plaintiff failed to exhaust her administrative remedies before filing an action in federal court, it is entitled to summary judgment. The Court agrees.

A party may not bring an action seeking monetary damages against the United States unless the United States has waived its sovereign immunity. *See, e.g.*, *United States v. Testain*, 424 U.S. 392, 400 (1976). The FTCA is a limited waiver of sovereign immunity, authorizing those who are injured by the negligent acts of any employee of the government acting within the scope of official duties to file suit against the United States. *See* 28 U.S.C. § 1346(b); *LM ex rel. KM v. United States*, 344 F.3d 695, 698 (7th Cir. 2003). Specifically, the FTCA provides, in relevant part: "[a]n action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . unless the claimant shall have first presented the

claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a).

In other words, the FTCA bars would-be tort plaintiffs from bringing suit against the government unless the claimant has submitted a claim for damages to the offending agency. *See McNeil v. United States*, 508 U.S. 106, 112 & n.7 (1993). A regulation provides the following explanation:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a).

Mailing a claim is insufficient to present a claim; it must be received. *See Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985) ("[T]he district court was quite right to hold that mailing is not presenting; there must be receipt."). Further, regulations specific to the presentation of administrative claims to the Postal Service provide, in relevant part:

> For purposes of this part, a claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. A standard Form 95 may be obtained from the local District Tort Claims Coordinator, the National Tort Center, or online at usa.gov (select Government forms).

39 C.F.R. § 912.5(a).

Here, the Plaintiff argues that she has satisfied the notice requirements of the FTCA. First, she argues that the Defendant had actual knowledge of her injury and that her letter of

4

November 20, 2015, and the Walk-In/Telephone Customer Inquiry Form complied with the notice requirement. However, neither the letter nor the inquiry form include a claim for money damages in a sum certain and as such do not satisfy the notice requirement.

Second, she argues that her attorney mailed Form 95 to the United States Postal Service Tort Claim Coordinator via first class United States mail, which satisfied the notice requirement. However, as the Seventh Circuit has made clear, mailing is not presenting. The Plaintiff has offered no evidence to contradict the Defendant's declarations that her claim was never received. Accordingly, the undisputed evidence of record establishes that the claim was not presented. As such, the Plaintiff has not exhausted her administrative remedies, and summary judgment in favor of the Defendant is warranted.

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment (Dkt. No. 11) is **GRANTED**.

SO ORDERED: 10/1/18

_William T. Lawrence_
Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana


Copies to all counsel of record via electronic notification